J-S36030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RUSSELL L. SCHOOLEY | : | |
| | : | No. 247 WDA 2020 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered January 16, 2020
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000896-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RUSSELL L. SCHOOLEY | : | |
| | : | |
| Appellant | : | No. 248 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 16, 2020
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000953-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RUSSELL L. SCHOOLEY | : | |
| | : | |
| Appellant | : | No. 249 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 16, 2020
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001053-2019

J-S36030-20

BEFORE:    OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 28, 2020**

Appellant, Russell L. Schooley, appeals from the judgments of sentence entered in the Blair County Court of Common Pleas, following his guilty pleas to aggravated assault, retail theft, fleeing or attempting to elude police, and driving under the influence of a controlled substance ("DUI").[1]  We affirm.

The relevant facts and procedural history of this case are as follows:

> [Appellant] was charged by the Altoona Police Department on or about April 15, 2019 with the crimes of aggravated assault, burglary, criminal trespass, simple assault, recklessly endangering another person, tampering with or fabricating physical evidence and harassment.  [Appellant] was also charged by the Altoona Police Department on or about April 17, 2019 with the offense of fleeing or attempting to elude police, [DUI], and related charges.  He was also charged by the Allegheny Township Police Department on or about April 18, 2019 on a charge of retail theft.  These criminal prosecutions proceeded through the Blair County Criminal Court process.
>
> [Appellant] appeared before [the] [c]ourt on October 7, 2019 where he entered a guilty plea to Count 1 aggravated assault, a felony of the first degree at 2019 CR 896, Count 1 retail theft as a felony of the third degree at 2019 CR 953 and Count 1 fleeing or attempting to elude police, felony of the third degree and Count 4 [DUI], an ungraded misdemeanor at 2019 CR 1053.  At the time of the guilty plea, the defense made a request for a presentence investigation.  [The] [c]ourt directed that a presentence investigation be completed and that the investigation be forwarded to the [c]ourt.  [The court] also directed [c]ourt

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3929(a)(1), 75 Pa.C.S.A. §§ 3733(a), 3802(d)(2), respectively.

- 2 -

[a]dministration to schedule a sentencing hearing. Subsequent to [Appellant's] plea of guilty, he requested that a mental health evaluation in aid of sentencing be conducted. An Order was signed on November 26, 2019 directing the evaluation to occur. This evaluation was admitted as part of the record at the sentencing hearing.

A sentencing hearing occurred on January 16, 2020. At the conclusion of the sentencing hearing, [the] [c]ourt sentenced [Appellant] to a period of incarceration of no less than ninety (90) months to no more than one hundred eighty (180) months on the charge of aggravated assault, a minimum of six (6) months to no less than twenty-four (24) months on the charge of retail theft, a sentence of no less than one (1) month to a maximum of thirty-six (36) months on the charge of fleeing or attempting to elude police and a minimum of seventy-two (72) hours to a maximum of six (6) months on the charge of [DUI]. [The] [c]ourt directed that all the sentences with the exception of the [DUI] would run consecutive. [The court] directed that the [DUI] offense would run concurrent. [The] sentence order also directed [the] sentence to run concurrent with an unrelated sentence imposed by the Honorable Judge Timothy M. Sullivan on January 2, 2020 at docket number 2018 CR 1837. …[T]he aggregate sentence rendered by [the] [c]ourt was a minimum of ninety-seven (97) months to a maximum of two hundred forty (240) months.

[Appellant] filed a Motion for Modification of Sentence on January 21, 2020 which was denied by [the] [c]ourt on January 27, 2020. [Appellant] filed a timely Notice of Appeal [at each trial court docket]. [The] [c]ourt directed [Appellant] to file a Concise Statement of Matters Complained of on Appeal. [Appellant] filed such a statement on February 25, 2020.

(Trial Court Opinion, filed March 18, 2020, at 1-3). This Court consolidated

the appeals *sua sponte* on March 2, 2020.

Appellant raises two issues for our review:

Whether the sentencing court committed an abuse of discretion by sentencing the [Appellant] at the top of the

standard range on aggravated assault and by imposing incarceration on retail theft and fleeing creating an aggregate sentence that is manifestly unreasonable[?]

Whether the sentencing court committed an abuse of discretion by only considering the nature of the offenses and failing to consider mitigating factors[?]

(Appellant's Brief at 2).

In his issues combined, Appellant argues the court abused its discretion in imposing an aggregate sentence of 97 to 240 months. Specifically, Appellant contends the sentence is excessive and unreasonable where the court (1) sentenced Appellant to the top of the standard range for aggravated assault; (2) sentenced Appellant to consecutive sentences of incarceration for the retail theft and fleeing/eluding convictions, even though the Commonwealth recommended probation for those offenses; and (3) failed to consider the mitigating circumstances that Appellant committed the aggravated assault in the "heat of passion" after discovering his girlfriend in bed with another man, and that the stabbing of the man was accidental.

As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth*

***v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).[2]

Initially, as a general rule, "issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting ***Commonwealth v. Lord***, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." ***Commonwealth v. Hill***, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011).

Furthermore, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." ***Id.*** at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely-filed post-sentence motion. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id.*** at 435, 812 A.2d at 627. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." ***Id.*** "An allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." ***Cruz-Centeno, supra*** at 545 (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). As well, where the sentencing

court had the benefit of a PSI report, we can presume the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *Tirado, supra* at 366 n.6.

Furthermore,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted). *See also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently).

Instantly, Appellant did not object at sentencing, in his post-sentence motion, or in his Rule 1925(b) statement on the ground that the court failed to consider that Appellant committed the aggravated assault in the "heat of passion" after discovering his girlfriend in bed with another man and that the stabbing of the man was accidental. Thus, Appellant waived this sentencing challenge for purposes of our review. *See Castillo, supra*; *Mann, supra*.[3]

---

[3] In both his post-sentence motion and Rule 1925(b) statements, Appellant does argue that his sentence was excessive because the court failed to

Appellant properly preserved his remaining sentencing claims. Nevertheless, Appellant's bald allegation of excessiveness does not warrant our review. *See Mouzon, supra*. Appellant's complaint regarding the court's imposition of consecutive sentences of incarceration for the retail theft and fleeing/eluding convictions also fails to raise a substantial question.[4] *See Austin, supra*. Thus, Appellant is not entitled to relief on these grounds. Accordingly, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2020

_____

consider all the factors under 42 Pa.C.S.A. § 9721(b). Nevertheless, Appellant failed to develop this issue in his brief. Therefore, it is waived. *See* Pa.R.A.P. 2119; *Commonwealth v. Johnson*, 604 Pa. 176, 191, 985 A.2d 915, 924 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (stating claim is waived where appellate brief does not include citation to relevant authority or fails to develop issue in any meaningful fashion capable of review).

[4] Although the Commonwealth recommended probation on the retail theft and fleeing/eluding convictions, that recommendation was not a specific term of the plea agreement. (*See* N.T. Guilty Plea Hearing, 10/7/19, at 3-4).